**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ANKIT ANKIT,
Petitioner,
v.
FERETI SEMAIA, et al.,
Respondents.

Case No. 5:26-cv-05477-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

On September 21, 2026, Petitioner Ankit Ankit, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), challenging his detention as a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution and the Immigration and Naturalization Act ("INA"). (Dkt. 4.) For the reasons stated below, the Court GRANTS the Petition.

## II. FACTUAL AND PROCEDURAL HISTORY

Petitioner is a native and citizen of India. (Dkt. 1 at 5.) Petitioner entered the United States without inspection on or about March 12, 2022. (*Id*. at 15.) Soon after he entered the United States, Petitioner was encountered, apprehended, and detained by U.S. Customs and Border Protection ("CBP"). (*Id*.) On March 22, 2022, CBP released Petitioner from immigration detention on his own recognizance. (*Id*.)

On October 24, 2022, the Department of Homeland Security served Petitioner

with a Notice to Appear ("NTA"), charging him as removable under 8 U.S.C. § 1229a and directing him to appear before an Immigration Judge on January 11, 2023. (Dkt. 4 at 15.) Petitioner filed an Application for Asylum and for Withholding of Removal on or about December 9, 2022. (*Id.*)

Petitioner received employment authorization and maintained lawful employment authorization. (Dkt. 4 at 15.) He paid taxes. (*Id.*) He was never arrested; he never missed any appointments with Immigration and Customs Enforcement or any other agency. (*Id*. at 16.) He complied with all terms of his conditional parole. (*Id.*) He awaited the scheduling of his asylum hearing and adjudication of his pending Application for Asylum and for Withholding of Removal. (*Id*. at 15.) On September 3, 2026, the Department of Homeland Security arrested Petitioner without notice and a hearing. (*Id*. at 15.)

In the Petition, Petitioner brings four claims for relief: (1) Violation of the Fifth Amendment to the United States Constitution (Substantive Due Process – Detention), (2) Violation of the Fifth Amendment to the United States Constitution (Procedural Due Process – Detention), (3) Violation of the Immigration & Nationality Act, and (4) Petitioner's Seizure and Continued Detention Violate 8 U.S.C. § 1357 and 8 C.F.R. §§ 287.3 and 287.8. (Dkt. 4 at19-22.) Among other things, Petitioner seeks his immediate release. (*Id*. at 23.)

On October 2, 2026, the Court issued a text only entry: Respondents have not filed a notice of appearance. If Respondents intend to appear in this matter, they must file a notice of appearance within 24 hours. If Respondents do not intend to appear in this matter, the Court requests that Respondents file the Form I-213 for Petitioner no later than 4:00 p.m. on October 6, 2026." (Dkt. 9.) On October 6, 2026, Respondents filed Form 1-213 for Petitioner. (Dkt. 10.) According to the Form I-213, Petitioner has no criminal history. (Dkt. 10-1 at 3.)

///

///

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

Petitioner's requested relief, among other things, is an order granting the Petition and that Petitioner be released immediately. (Dkt. 4 at 23.) Respondents chose not to oppose Petitioner's claims and requested relief.

Respondents' choice not to oppose Petitioner's claims and requested relief constitutes forfeiture of the arguments Respondents could have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). As numerous other courts have found, petitions should be granted when respondents fail to oppose the primary relief sought. *See, e.g., Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-

SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."). Moreover, Local Rule 7-12 of the Central District of California states, "The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ".

Given Respondents' chose not to file an answer and oppose the relief that Petitioner requests in the Petition, and the absence of procedural safeguards accorded to Petitioner in advance of Petitioner's re-detention, the Court finds that it is appropriate to grant the Petition and order that Petitioner be immediately released on the same conditions as prior to Petitioner's re-detention.

## V. CONCLUSION

For the reasons stated, the Court GRANTS the Petition and ORDERS:

(1) Respondents to release Petitioner ANKIT ANKIT (A# 220-845-036) immediately under the same conditions as he was released prior to his re-detention;

(2) Respondents to return all property to Petitioner that was confiscated from him when he was arrested and processed into detention;

(3) Respondents to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order; and

(4) That any future enforcement actions after Petitioner's release must comply with Due Process requirements.

DATED: October 7, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge